**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

AMANDA ADAMS,

        Plaintiff,

v.

CAPIO PARTNERS, LLC, a Texas limited liability company,

        Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Amanda Adams is a natural person.

8.     The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.    Defendant Capio Partners, LLC is a Texas limited liability company operating from an address at 2250 Satellite Boulevard, Duluth, Georgia, 30097.

12.    The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    The Defendant is licensed as a collection agency by the state of Colorado.

15.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18.    Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on personal medical account (hereinafter referred to as the "Account").

19.    The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    The Account went into default with the original creditor.

21.    After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.    The Account was placed or otherwise transferred to the Defendant for collection, Defendant's account Number 7093448.

23.    The Plaintiff disputes the Account.

24.    The Plaintiff requests that the Defendant cease all further communication on the Account.

25.    The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

26.    The Defendant acted at all times mentioned herein through its employee(s).

27.    In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

28.    The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account

conveyed information regarding the Account directly or indirectly to the Plaintiff.

29.  The telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account each constituted a "communication" as defined by FDCPA § 1692a(2).

30.  During the telephone conversation(s) between the Defendant and the Plaintiff regarding the Account the Defendant via its employee located the Account and informed the Plaintiff that the Defendant had the Account and stated the balance due on the Account.

31.  During the telephone conversation(s) between the Plaintiff and the Defendant regarding the Account the Defendant represented to the Plaintiff that the Account will stay on the credit bureau reports until it is paid.

32.  The Defendant's representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Account.

33.  On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

34.  On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with

the Plaintiff regarding the Account in the year prior to the filing of the instant action.

35.  On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

36.  On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

37.  On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

38.  On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian and/or Equifax and/or Transunion regarding the Account in 2013 and 2014.

39.  The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

40.  The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

41. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

42. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

43. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

46. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.   A judgment in favor of the Plaintiff and against the Defendant.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

5.   Post Judgment Interest.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff